In the Matter of the Application of SAMUEL SHERMAN, Individually and as President of the " Division of Placement and Unemployment Insurance Eligibles Association," Petitioner, Appellant, for an Order against GRACE A. REAVY and Others, Composing and Constituting the Civil Service Commission of the State of New York, and ELMER F. ANDREWS, as Industrial Commissioner of the State of New York, Respondents.

Third Department, March 6, 1940.

*Herman E. Cooper* [*Moss Schenkman* and *Charles Barasch* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Bernard L. Alderman, Assistant Attorney-General,* of counsel], for the respondents.

HILL, P. J. Petitioner, "individually and as President of 'Division of Placement and Unemployment Insurance Eligibles Association,'" seeking relief under article 78 of the Civil Practice Act, alleges that appointments to positions in the Unemployment Insurance Division of the Department of Labor have been made by respondents in violation of the civil service provisions of the Constitution and the statutes enacted thereunder, and appeals from an order of the Albany Special Term which denied his application on the law, upon the ground that the petition did not state necessary facts.

The petitioner asserts that he represents some sixty persons who have taken an examination and whose names appear on eligible lists for appointment to positions in the Unemployment Insurance Division, and that he and those he represents have been denied their constitutional and statutory rights. It is stated in the petition, and admitted in the answer, that the respondent, The Industrial Commissioner, had heretofore made requests of the Civil Service Commission for a certification of names taken from appropriate eligible lists from which appointments could be made to fill these positions, and that the respondent Commission had certified names for appointment. Petitioner further alleges " that at each of the times when said requisitions for said certifications were made as aforesaid and names certified as aforesaid, a known number of vacancies existed in the said Division under the respective titles applicable thereto," and " upon information and belief that the respondent Andrews, by his deputies and assistants, requisitioned a greater number of certifications from appropriate eligible lists than required for selection therefrom to a known number of existing vacancies; and that the respondents Reavy *et al.,* by their deputies and assistants, provided such lists of certified names in excess of two additional to the known number of vacancies." The answer presented by the respondent Reavy of the Civil Service Commission " denies that the respondent Andrews requisitioned a greater number of names for a known number of vacancies, as alleged in Paragraph 9, and affirmatively

alleges that the number of vacancies to be filled were not known at that time, and further alleges that it was impossible to know the number of existing vacancies at that time." Petitioner further alleges, "that petitioner's name appears on the eligible list for Assistant Employment Interviewer in said division as #269; that as of March 2nd, 1938, 385 appointments had been made from the said list from certifications made, at the request of the appointing officers, up to #1150; that petitioner did not achieve appointment, although he did not decline the same; that persons whose names were subsequent in order of placement upon the said eligible list did achieve appointment; that petitioner was passed over and preference in appointment of other eligibles was thus accomplished." Respondent Reavy, answering, states: "Admits, as alleged in paragraph 10, that this petitioner's name appeared at No. 269 on the list for Assistant Employment Interviewer and that he did not receive an appointment, and affirmatively alleges that said petitioner was duly passed three times in consideration in accordance with the rules and regulations of the Civil Service Commission; that he was legally passed three times under the provision of Rule [8, subd.] 2, which provided: ' No person shall be certified from an eligible list more than three times  *  *  *.' " Further petitioner alleges that the respondent Industrial Commissioner " in making appointments to said vacancies from the names so certified as aforesaid, failed to comply with the provisions and requirements of subdivisions 2 and 3 of Rule 8 as aforesaid, in that said appointments were made without regard to the provisions of said Rule, and effected unlawful preference in appointment of eligibles without regard to and in violation of the requirements of Article V, § 6 of the New York State Constitution," and that the respondents, the members of the Civil Service Commission, " with knowledge of said violations, failed, refused and neglected to require and compel the respondent Andrews, by his deputies and assistants, to comply with the requirements of the rules of the Civil Service Commission, the Civil Service Law and the Constitution of the State of New York, but did continue to certify names for appointment to said division." Each of these allegations is denied in the answer, as are those which allege in substance that the Industrial Commissioner, with the connivance of the respondent Civil Service Commission made appointments other than from the appropriate eligible lists promulgated after a competitive examination, and that illegal temporary designations were made by the Industrial Commissioner and approved by the Civil Service Commission.

The respondent Reavy in her answer pleads subdivision 2 of rule 8 of the Civil Service Commission. The portion deemed important is quoted:

" 2. Whenever an appointing officer shall request a certification from the Commission for appointment to or employment in any position in the competitive class he shall specify the title, duties and compensation of such position, so that certification may be made from the proper eligible list, or that when necessary a proper eligible list may be prepared as the result of an open competitive examination held for that purpose. The Commission shall thereupon as soon as practicable certify to the appointing officer for appointment, from the eligible list most nearly appropriate to such position, as it may then exist, * * * the names of the three persons, if there be so many, standing highest on such eligible list, together with the average percentage and post office addresses of such persons. * * * If the appointing officer shall notify the Commission of more than one vacancy at any time, the Commission shall certify to the appointing officer the names of as many persons as there are vacancies to be filled, with the addition of two names. No person shall be certified from an eligible list more than three times to the same appointing officer for the same or a similar position at the same rate of compensation, except at the request of said officer, unless the person so certified is a disabled veteran, in which case his name shall continue to be certified so long as it remains on the eligible list under these rules."

From the foregoing resumé of the allegations of the petition and admissions and denials contained in the answer, it appears that issues of fact are raised as to the legality of the conduct and acts of each of the respondents in connection with these appointments. There is no affirmative allegation in the answer that the petitioner Sherman has ever been certified for appointment, but we are asked to draw that inference from the statement that " he was legally passed three times." If he has been certified three times, the facts in regard thereto are known only to the respondents, and should have been set out at length.

In *Matter of Social Investigator Eligibles Association* v. *Taylor* (268 N. Y. 233) the petitioner was an unincorporated association of 250 eligibles for the positions involved. It was conceded that appointments could not be made from the eligible list because of lack of funds, and it appeared that persons on relief were doing the work in return for that relief. However, the court entertained the omnibus petition and decided the case on the pleadings upon the ground that they disclosed that an emergency existed, and that it was necessary to support the indigent, and that no funds were

available for salaries of appointees. It may be that this petitioner has asked for too much relief. That does not deny him the right to have the facts ascertained. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 282.) He is a proper person to make this application. (*Matter of Andresen* v. *Rice, supra*, 281, and cases there cited.)

Issues of fact were raised which the Special Term should have tried. (Civ. Prac. Act, § 1295.) When the facts are determined after a trial, petitioner may receive the relief to which he is entitled, if any.

The order should be reversed on the law and facts, and the matter remitted to the Albany Special Term for a trial of the issues.

CRAPSER, HEFFERNAN and FOSTER, JJ., concur; BLISS, J., dissents, in an opinion.

BLISS, J. (dissenting). The petition charges no specific violation of the legal rights of the petitioner or any of those whom he claims to represent. It states that the respondent Andrews requested the respondents Reavy and others " for certification of names from the appropriate eligible lists for selection and appointment to fill vacancies in the said Division of Placement and Unemployment Insurance " and that the respondent Reavy did make certifications as aforesaid; that a known number of vacancies existed " under the respective titles applicable thereto," that the respondent Andrews requisitioned a greater number of certifications from appropriate eligible lists than required for selection therefrom to a known number of existing vacancies; and that the respondents Reavy and others provided such lists of certified names in excess of two additional to the known number of vacancies. It is to be noted that no position is mentioned and it is impossible to tell from this petition what position was vacant or for which certifications were asked and given. It is but a blanket charge that an excess number of names was requested and certified for some one of the many positions in the Division of Placement and Unemployment Insurance. No issue could be framed for trial upon such an allegation. Therefore, there is no issue of fact to refer back to the Special Term for trial.

As to the petitioner's own failure to be appointed, it is perfectly possible under the allegations of his petition and rule 8, subdivision 2, of the Rules for the Classified Civil Service, for him to have been legally passed over three times and thus eliminated and he alleges no facts showing that this was not the case. The petition should at least show a *prima facie* violation of the statute or rules.

Petitioner then alleges that the respondents effected " the same or similar violations of rule and law in relation to the eligible lists "

of certain other specified positions in the division. The petition also charges that the respondent Andrews did " otherwise make appointments to vacancies in disregard of the order of placement upon the appropriate eligible lists " without mentioning any of the alleged violations thus " otherwise " made.

We have here nothing but a series of blanket omnibus charges of violations of rights and failures to comply with statutes or rules without any facts to support any such charge and without any definite or specific violation being shown.

I fail to find any facts in this petition showing any violation of law and no such specific violation or facts in support thereof have been pointed out in the prevailing opinion.

I, therefore, dissent and vote to affirm the order appealed from.

Order reversed, on the law and facts, and matter remitted to the Albany Special Term for a trial of the issues, with fifty dollars costs and disbursements.